# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LATASHA ALLEN ) | |
| ) | |
| ) | Civil Action File |
| Plaintiff, ) | No.: 1:11-cv-01577-WSD |
| v. ) | (Removed from the State |
| ) | Court of Fulton County, Georgia |
| WALGREEN CO. d/b/a Walgreens, ) | |
| ATICO INTERNATIONAL USA, ) | |
| INC. and EAST WEST ) | |
| DISTRIBUTING CO., ) | Civil Action File No.11EV012351-H |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION
## TO ENFORCE SETTLEMENT AGREEMENT

Defendants Walgreen Co. d/b/a Walgreens ("Walgreens"), Atico International USA, Inc. ("Atico"), and East West Distributing Co. ("East West") (collectively, the "Defendants") respectfully file their Brief in Support of Motion to Enforce Settlement Agreement, showing the Court as follows:

### I.  INTRODUCTION

The parties agreed to settle this action. There was agreement both on the fact of settlement as well as on the amount of the settlement. The negotiations and final agreement to settle are memorialized not only in emails between counsel for the parties and between counsel and the Court, but also in a final Release and

Settlement Agreement (hereinafter "Release" or "Agreement"), the terms of which were negotiated by counsel. After the parties jointly informed the Court that a settlement had been reached, the Court removed the case from its calendar and at the Court's direction, the Clerk administratively closed the case. The parties were directed to file a Stipulation of Dismissal by December 30, 2010.

Unfortunately, Plaintiff Latasha Allen (the "Plaintiff" or "Ms. Allen") now wishes to renege on the enforceable Agreement to which she previously consented. Recently, her attorneys have filed a motion to withdraw from the case. Nonetheless, Ms. Allen should be required to go forward with the mutually agreed-upon settlement.

## II.  FACTUAL BACKGROUND

The parties mutually consented to the essential terms of the Agreement. On September 29, 2011, Keith Lindsay, counsel for Plaintiff, advised counsel for Defendants, via voicemail and e-mail, that he had "authority [from Plaintiff] to accept in full compromise and settlement of the case." (Ex. "1").[1] On October 5, 2011, counsel for Defendants, via e-mail, extended a counteroffer to fully settle

---

[1] In order to preserve the confidentiality of the settlement amount agreed upon by the parties and to comply with the confidentiality provision in the Release, the amount of the settlement is not disclosed in Defendants' Motion or Brief and has been redacted from any exhibits to this Brief. Should the Court wish to be apprised of the amount of the settlement, Defendants will provide the requested information in camera, or by whatever other method the Court deems appropriate.

2

and compromise the case. (*Id.*). On October 10, 2011, Mr. Lindsay, via e-mail to counsel for Defendant, "advise[d] that Ms. Allen has agreed to accept the offer" and requested that "a draft of the proposed Release and Settlement Agreement [be forwarded] at your earliest convenience, so that in the event we identify any issues with the Release, we can resolve them prior to the check being sent." (*Id.*).

On October 17, 2011, counsel for Defendants, via e-mail, provided a draft written Agreement (Ex. "2") and stated that "[u]pon receipt of the executed Release, I can make the check available…." (*Id.*). On the same day, the parties, via e-mail, negotiated and slightly revised the terms of the Release and of the Confidentiality Clause of the Agreement and the time for delivery of the check, but otherwise the Agreement remained unchanged in all material respects. (*See* Ex. "3"). No other negotiations, objections, or revisions occurred after October 17, 2011.

On November 11, 2011, counsel for Defendants informed Mr. Lindsay that the settlement check was ready and available. (Ex. "4"). On November 21, 2011, counsel for Defendants, via e-mail, requested permission from Plaintiff's counsel to inform the Court that the parties agreed to settle the case. (Ex. "5"). With Plaintiff's counsel's consent, on November 22, counsel for Defendants informed the Court, via e-mail, that the parties had agreed to a settlement. (Ex. "6"). On

3

November 28, 2011, the Court's deputy clerk stated that the Court wished to administratively close the case and asked for a date by which the parties would file a joint stipulation of dismissal. (Ex. "7"). On November 28, 2011—after the case had been settled and the Release negotiated and revised—Plaintiff's counsel, Mr. Lindsay informed the Court that "I would hope to have the settlement documents executed by mid-December"— confirming to the Court that the parties had settled this action and all that was left to be done was for Plaintiff to sign the Release. (*Id.*). On November 29, 2011, the Court administratively terminated this action, obviously in response to the parties' joint advice that the case had settled. Plaintiff's counsel did not object to the Court's closing the case. (*See* Docket).

Despite Plaintiff's prior consent to the Agreement, she has since reneged on the settlement and has refused to go forward with the signing of the Release. Based on the facts herein and on the authorities cited below, the Release and Settlement Agreement is binding and enforceable upon Plaintiff, and Defendants request that Court issue an Order enforcing its agreed-upon terms.

## II. ARGUMENT AND CITATION TO AUTHORITY

The construction and enforcement of a settlement agreement are governed by state contract law. *Blum v. Morgan Guar. Trust Co. of New York*, 709 F.2d 1463, 1467 (11th Cir.1983); *Earthlink, Inc. v. Pope*, 1:03-CV-2559-JOF, 2007 WL

788427 at *2 (N.D. Ga. 2007)(citing *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985)). "[Georgia] law favors enforcement of a settlement agreement, … [which] is generally enforced unless the parties clearly failed to reach an agreement on an essential contract terms." *Clough Mktg. Servs. v. Main Line Corp.*, No. 1:07-CV-0173-RLV, 2007 WL 3474269 at *2 (N.D. Ga. Nov. 2, 2007) (*citing Ruskin v. AAF-McQuay, Inc.*, 284 Ga. App. 49, 52 (2007)). Settlement agreements that "meet the same formation and enforceability requirements as other contracts" are clearly enforceable under Georgia law. *Id.* When a writing sets forth a description of the material terms and a party takes "actions which indicate[] … consent to be bound[,]" the agreement is enforceable. *See Pope*, 2007 WL 788427 at *2. Of course, "courts apply an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable man in the position of the other contracting party would ascribe to the first party's manifestations of assent, or that meaning which the other contracting party knew the first party ascribed to his manifestations of assent." *Legg v. Stovall Tire & Marine*, 245 Ga. App. 594, 596, 538 S.E.2d 489, 491 (2000). "Assent to the terms of an agreement can be implied from the circumstances, and [a party's] conduct inconsistent with a refusal of the terms raises a presumption of assent upon which the other party can rely." *Wong*, 752 F.2d at 621 (citations omitted). In short, "the law … favors compromise, and

5

when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." *Greenwald v. Kersh*, 275 Ga. App. 724, 727, 621 S.E.2d 465, 468 (2005).

The Agreement is clearly enforceable under Georgia law. The parties obviously agreed to all essential terms of the Agreement. On September 29, 2011, Mr. Lindsay, counsel for Plaintiff, advised counsel for Defendants that he had "authority [from Plaintiff] to accept an amount in full compromise and settlement of the case." (Ex. "1"). After Defendant counteroffered, Mr. Lindsay, expressly and unambiguously informed counsel for Defendants that "Ms. Allen has agreed to accept the [counter]offer" in the amount offered by Defendants. (*Id.*). At this point, the Agreement became an enforceable contract between the parties because all essential terms were in writing and mutually understood and assented to: Plaintiff would receive the agreed-upon amount in return for a "full compromise and settlement of the case." (*Id.*).

Furthermore, not only did Plaintiff's counsel *expressly* consent to the Agreement, but he also informed the Court of the Agreement reached. Mr. Lindsay informed the Court on November 28, 2011, after (1) receiving a draft copy of the Agreement, (2) after completing negotiations concerning the terms of the Agreement with Defendants and finalizing the Agreement, and (3) *after being fully*

6

*apprised of the Agreement's final terms*—that the parties had agreed to a full compromise and settlement of the lawsuit when he stated "I would hope to have the settlement documents executed by mid-December."  Mr. Lindsay sent this communication in response to the Court's inquiry as to when a joint motion to dismiss would be filed, so the Court could administratively close the case. (Ex. "7"). Counsel for Defendants was a recipient of this email. (*Id.*).  Under the objective theory of contract construction—whereby Plaintiff's intent to enter an enforceable contract is determined by the meaning a reasonable person in the Defendants' position would ascribe to Plaintiff's actions—Mr. Lindsay represented that the parties had agreed to settle and dismiss the case. *Legg v. Stovall Tire & Marine*, 245 Ga. App. 594, 596, 538 S.E.2d 489, 491 (2000).  That this conclusion is so is evidenced by the Court's own actions: it administrative dismissed the suit, precisely because it understood that the parties reached an agreement to settle. (*See* Doc. 18, which includes the notation that "[t]he parties have advised the Court that the above case has settled").  Plaintiff's consent to the Agreement is further evidenced by the fact that her counsel did not object to the Court's closing the case. (*See* Docket).

Neither can Plaintiff avoid enforcement of the Agreement on the ground that Mr. Lindsay was unauthorized to settle this case on her behalf.

> Under Georgia law[,] an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties.... The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority.

*Stephen v. Alan V. Mock Const. Co., Inc.*, 302 Ga. App. 280, 285, 690 S.E.2d 225, 230 (2010). Plaintiff never communicated any restriction on her counsel's authority to settle this case. Accordingly, she effectively consented to the Agreement, rendering it enforceable against her.

### III.   CONCLUSION

For all the foregoing reasons, Defendants' Motion to Enforce Settlement Agreement should be granted. The parties mutually agreed to the essential terms under which they would fully comprise and settle this lawsuit. Plaintiff's assent to the Agreement was manifested expressly through her counsel and Defendants' reasonably relied upon that assent. The essential terms of the Agreement were

expressed in e-mails between counsel to "full[y] compromise and settle[] … the case" and in the written Agreement itself, the terms of which the parties negotiated and finalized. Having met the same formation and enforceability requirements as other contracts, the Agreement is enforceable against Plaintiff. Accordingly, an Order enforcing the Agreement should be granted.

This 12th day of January, 2012.

|  |  |
|---|---|
| By: | /s/ Z. Ileana Martinez |
|  | Z. Ileana Martinez |
|  | Georgia Bar No. 474660 |
|  | Hans C. Clausen |
|  | Georgia Bar No. 153250 |
|  | ***Attorneys for Defendants Walgreens, Atico International, Inc., and East West Distributing Co.*** |

THOMPSON HINE LLP
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326
(404) 541-2900 (phone)
(404) 541-2905 (fax)
Ileana.Martinez@ThompsonHine.com

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in LR 5.1B. Specifically, Times New Roman was used in 14 point.

So certified this 12th day of January, 2012.

By: /s/ Z. Ileana Martinez
Z. Ileana Martinez
Georgia Bar No. 474660
***Attorneys for Defendants, Walgreens, Atico International, Inc., and East West***

THOMPSON HINE LLP
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326
Tel.: (404) 541-2900
Fax: (404) 541-2905
Ileana.Martinez@ThompsonHine.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT upon all parties to this matter via electronic filing to the counsel of record as follows:

EDMOND & LINDSAY, LLP
Roderick E. Edmond
Keith L. Lindsay
Michael E. Perez
Attorneys for Plaintiff
344 Woodward Ave., SE
Atlanta, GA 30312
Tel: (404) 525-1080
Fax: (404) 525-1073

This 12th day of January, 2012.

By:  /s/ Z. Ileana Martinez
Z. Ileana Martinez
Georgia Bar No. 474660
*Attorneys for Defendants Walgreens, Atico International, Inc., and East West Distributing Co.*

THOMPSON HINE LLP
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326
(404) 541-2900 (phone)
(404) 541-2905 (fax)
Ileana.Martinez@ThompsonHine.com