CRITICAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 1 7 2012

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LATASHA ALLEN ) | |
| ) | |
| ) | Civil Action File |
| Plaintiff, ) | No.: 1:11-cv-01577-WSD |
| v. ) | (Removed from the State |
| ) | Court of Fulton County, Georgia |
| WALGREEN CO. d/b/a Walgreens, ) | Civil Action File No.11EV012351-H) |
| ATICO INTERNATIONAL USA, ) | |
| INC. and EAST WEST ) | |
| DISTRIBUTING CO., ) | |
| ) | |
| Defendants. ) | |

### OBJECTION to Motion for Leave to Withdraw as Council
### for Latasha A. Allen

I, LCDR Latasha A. Allen, am in objection to the Motion to Withdraw filed

on January 4, 2012 by the law firm Edmond & Lindsay, LLP. Reasons for my

objection to this motion are as follows:

Attorneys Keith Lindsay and Michael Perez of the law firm Edmond &

Lindsay LLP continued to work with me (the client) for three (3) months post the

notice of intention to withdraw was presented. They should have presented an

updated notice of intention to withdraw prior to filing this motion in the United

Stated District Court for the Northern District of Georgia, Atlanta Division on

January 4, 2012. The attorneys continued pressured communication to force me to

accept a monetary settlement offer from the defendants. I accepted the offered amount for settlement on October 10, 2011 via an email to the law firm Edmond& Lindsay; contingent on my agreement to what I thought at the time was simply a Confidentiality Clause. I had no knowledge that the document to be presented for review and signature on October 19, 2011 would be a Settlement Agreement and Release document stating that the frying pan was not the cause of my injuries; I was expecting only a Confidentiality Clause that would vow my confidence of the settlement monetary offered amount. Unfortunately during this time a medical condition involving my right breast (the burn injured breast) was discovered on October 20, 2011 at a routine OBGYN examination. On October 21, 2011, I presented information of my medical condition to the law firm Edmond & Lindsay LLP, their response was to try to review the confidentiality clause and put this case behind me to focus on what lies ahead and they had no desire to discuss my medical condition with the defendants. On October 24, 2011, I emailed a request to the attorneys stating that I will like to wait for the results of the tests / examinations and find out if the medical condition may be associated with the burn and trauma prior to signing the documents. I requested that they inform the council for the defendants of my current medical issues and concerns in detail. As an Officer on Active Duty with the United States Public Health Service Commission Corps, I desired confirmation that I will be physically able to serve as a Uniformed

Officer on duty at the United Stated Department of Agriculture and a member of the Applied Public Health Team- ready and able to participate during deployments. I have attached further email conversations to help describe the issues post notice of intention to withdrawal that implies this intention was used as a scare tactic to coerce me to accept the offered settlement amount. {Exhibit A} As a result, this was done on October 10, 2011 contingent on acceptance and agreement with the Confidentiality Clause document via an email conversation. {Exhibit B} I should also mention that the attorneys from Edmond and Lindsay LLP were clearly aware of my concern about the contents of the Confidentiality Clause prior to acceptance of the offered monetary amount to settle the case. I even asked to see the Confidentiality Clause prior to agreeing on a monetary amount and was told that 'we need to reach an agreed number and worry about the confidentiality clause afterwards'. On November 7, 2011 I emailed a copy of the Settlement Agreement and Release document to the law firm of Edmond & Lindsay LLP using tracked changes to highlight amendments, questions and, concerns. On November 8, 2011 and November 9, 2011, I received a request to schedule a meeting to discuss my concerns with the document and unfortunately due to an overwhelmingly busy schedule at work as an Officer with the United States Department of Agriculture-Food Safety and Inspection Service responding to Foodborne Illness Outbreaks; I stated that I will contact the law firm with a time the following week to meet. My

duty as a Public Health and Epidemiology Liaison working on multiple foodborne disease outbreaks took precedence. I could not fail to perform my duty to work to investigate illnesses that may be associated with United States Department of Agriculture – Food Safety and Inspection Service regulated products and assist in the protection of the Nation's food supply. On November 15, 2011, I requested that the attorney respond via email to my tracked changes within the document because my work's schedule was not lessoning and there were two Federal Holidays during this time- Veterans Day and Thanksgiving Day. I wanted to be sure that we could continue progress through the settlement process. On November 17, 2011, I sent an email requesting an email response to my tracked changes to the document and was denied. On November 22, 2011, I received a timeline of communication from the law firm stating their attempts to meet during and between the holidays, while explanation was provided for my lack of being able to do so; they stated there will be ramifications to the failure of finalizing the settlement- which meant signing a Settlement Agreement and Release document that I did not agree with. On November 28, 2011, I emailed the law firm with a response and explanation, attached {Exhibit C}. On this same day, I received an email simply stating 'we need to talk'. On November 30, 2011 at 2:47pm, I sent an email request to meet with the attorneys 4:30pm. With no response, I assumed they were not available and sent an email at 4:32pm and 4:37pm, requesting a new

scheduled time to meet via teleconference. At 4:50pm this day, I received an email stating that the attorneys did call, but since there was no confirmatory response to my email, I was not aware of their intention to call and was not prepared in my conference room with my personal cellular phone to await their call. {Exhibit D}

On December 2, 2011, I scheduled a meeting with the attorneys for December 6, 2011. During the December 6, 2011 meetings, the Settlement Agreement and Release document was discussed, my concerns were addressed and I was told that the amendments could not be made. I reiterated that I will like to wait until after my medical examination visit to move forward with the endorsement of the document because as an Active Duty Officer, I had to be 100% sure that I can perform my duties efficiently without a medical issue associated with my burn injuries resulting from the frying pan purchased at Walgreens breaking in half. When I presented a fictional scenario for further understanding of exactly what signing the document, as is, meant, I was told that 'that I already accepted the settlement in writing and there are consequences for reneging on an agreement (which I did not sign because I did not agree with its contents) and that according to the law, no one cares about your health issues, we are trying to save you from yourself and Walgreens is buying their Peace'. How is it fair that Walgreens will purchase their Peace at the expense of my Peace? Then on December 20, 2011, I received an email from the law firm stating that the Council for the Defendants

will file a Motion to Enforce the Settlement and they will not oppose to them doing so and I have to do this by Friday December 30, 2011. On December 22, 2011, I replied via email that I understood and that I did not agree with what was stated in the Settlement Agreement and Release document and could not sign something that I did not agree with. I also stated that I was unable to receive an earlier appointment with the medical specialists. Within this same email correspondence I stated that I have agreed to the monetary offer presented by the defendants under emotional duress because I was told there will be actions or motions of Summary Judgments and Withdrawals and I thought a settlement will bring a peace of mind; unfortunately, it has not and it is impossible for me to agree with a document with statements that I do not agree with.{Exhibit E} On December 27, 2011, I received an email from the law firm stating that the Council for the Defendants have been advised by their client to file a motion to enforce the settlement and she will also seek expenses from Me for litigation and attorney fees on December 30, 2011 and the law firm does not oppose. On this day, I replied via email stating that I will not sign the Settlement Agreement and Release document because I do not agree with it. Then I became aware of an email sent by the law firm on December 7, 2011 that I did not notice and read until this same day on December 27, 2011 which provided a summary of our last verbal communication and a deadline of December 16, 2011 which at this point had passed.

It is very unfortunate that this case has come to this when all I was doing was seeking assistance to inform Walgreens of a potential defect in a product sold at their store. As I verbally stated when I initially sought assistance from this law firm and reiterated numerous times, "this is not about the money; I want to be sure that no one else is hurt by this product". I was told by the attorney at Edmond & Lindsay LLP that they can attempt to receive monies for my injuries and medical bills –which I agreed would be fair but I thought during this process there would have been some sort of 'discovery' or investigation that would confirm the pots defect and have led to a recall of the product or public notice stating the potential risk of the frying pan handle breaking in half during use and potential risk of burn injuries to consumers. At no time during the settlement process of this case did I 'renege' (as verbally stated by Keith Lindsay) on an agreement to settle this case. I simply requested amendments to the Settlement Agreement and Release document so that I can sign a document that I agree with and additional time to complete medical examinations and tests prior to executing the document. I will also highlight the fact that major actions on this case were made during major National holidays in which I would have not been in the City of Atlanta, but in my city of residence; City of New York. On November 28, 2011 the case was removed from the courts calendar and on November 29 2011the case was Administratively Terminated- Thanksgiving was November 24, 2011. The deadline and threats of

needing to sign the Settlement Agreement and Release document, which I do not agree with, by the attorneys from Edmond & Lindsay LLP by December 30 2011 during the Christmas, Hanukkah, and New Years Holidays; December 20, 2011 thru January 1, 2012. It's just very interesting that all of the major motions on this case were during the holidays and a time when I would be out of town.

I, LCDR Latasha Allen, will like to reiterate that I OBJECT to the Motion to Withdraw as filed by the law firm of Edmond & Lindsay LLP on January, 04, 2012 because they have provided an old letter dated October 7, 2011 which was used to force me to accept a settlement offer. In addition, they continued to work on my case 14 days after they presented me with the Intention to Withdraw letter which made me to believe that this letter was null and void; and the filing of this Motion is solely because I requested additional time to complete my medical examinations and await a response from Walgreens regarding my suggested amendments to the Settlement Agreement and Release document because I do not agree with the Agreement as it has been written. It is impossible to sign an agreement that you do not agree with.


Respectfully submitted, this 17th day of January, 2012.

By: Latasha A. Allen

315 Ralph McGill Blvd
Unit 1606
Atlanta, GA 30312

Exhibit A



EDMOND & LINDSAY
ATTORNEYS AT LAW

September 14, 2011

**CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION**
**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**AND VIA ELECTONIC MAIL**

Ms. Latasha Allen
375 Ralph McGill Blvd. #1606
Atlanta, GA 30312

      Re:    Allen v. Walgreen Co., et. al.
              U.S. District Ct. N. Dist. GA
              Civil Action File No.: 1:11-cv-01577-WSD

Dear Ms. Allen:

      Pursuant to your request during our phone call on September 12, 2011 and again via e-mail on September 13, 2011, the purpose of this letter is to provide for you in writing the response to your demand received from Defendants, your options and our recommendation. This will give you the information in writing for your review and consideration as you can make an informed decision.

      First, allow us to summarize some of the critical events thus far. On December 28, 2010, we submitted a demand on your behalf to Defendant Atico to settle your case for $90,000. Despite numerous representations to the contrary, Defendants failed to respond to your demand in a timely manner, requiring us to file a lawsuit on your behalf, which we did on April 5, 2011 in Fulton State Court. On April 13, 2011, the Defendants filed a Notice of Removal to transfer the case to United States District Court, Northern District of Georgia. Since that time, we have made mandatory filings on your behalf, and the Court has entered a Scheduling Order setting forth the deadlines for your case.

      Both prior to filing suit, and since the filing of your lawsuit, we have discussed with you that the manufacturer of the cookware set at issue was an unknown Chinese company. We also discussed that even if we had known prior to filing suit the identity of the Chinese manufacturer, that it would be cost prohibitive in your case to name that defendant in your lawsuit, serve that

1564 WOODWARD AVENUE, S.L. | ATLANTA, GEORGIA 30312
Telephone: 404-525-1080 | Facsimile: 404-525-1073 | www.edmondfirm.com

RODERICK E. EDMOND, M.D., J.D. • KEITH L. LINDSAY • MICHAEL L. PEREZ

defendant in China and conduct necessary discovery in China. We all had hoped that the Defendants would offer to settle your case for a reasonable amount of money to compensate you for your injuries to avoid a lengthy lawsuit in a case where one of the critical parties, the Chinese manufacturer, was not in the lawsuit.

Since the filing of the lawsuit, we have been in communication with Defendants' attorney, Ileana Martinez and have provided her with further information to help her clients' evaluate your demand. On June 1, 2011, you authorized us to give Ms. Martinez a demand of $50,000 to settle your case.

On Thursday, September 8, 2011, we finally received a response to your demand. The Defendants have offered to settle your case for $20,000, and as is standard in this type of case, they want you to agree to a Confidentiality Agreement. While we do not have from Ms. Martinez a draft of the Confidentiality Agreement they would like to use, I am enclosing a sample one to give you an idea of what one looks like. Please understand that this is only a sample, and we do not know whether the one that the Defendants will propose will be more or less stringent. The enclosed sample is one of the more stringent ones that we have seen.

Ms. Martinez also shared with us that her clients are confident that they can succeed in having your case dismissed because her clients did not manufacture the cookware set, and they have represented in discovery responses that the most they did was "source" the cookware set, distribute and sell it. This information was shared with you during our telephone conversation on Monday, September 12th.

Our recommendation to you during the telephone call, and today as well, is that you accept the Defendants' offer, or that you allow us to negotiate for a higher amount, with the understanding that the Defendants could refuse, or only offer a little more, and will still insist on a confidentiality agreement. As we reiterated, your legal case is substanially hampered because we do not have the Chinese manufacturer in the lawsuit, and it is cost prohibitive to bring that manufacturer into the lawsuit. Claims that you have against the current Defendants for their negligence are dependent on establishing facts, some of which we will need to determine from the Chinese manufacturer. Again, it is cost prohibitive to secure that information from the Chinese manufacturer.

During our telephone conversation, you indicated that you would not settle for less than $50,000 and you were not inclined to sign a Confidentiality Agreement. We informed you that if that was the case, we would have to withdraw as your attorneys, because of the difficulties we noted above.

|345 WOODWARD AVENUE, S.E. | ATLANTA, GEORGIA 30312
Telephone: 404-525-1055 | Facsimile: 404-525-1073 | www.edmondfirm.com

RODERICK E. EDMOND, M.D., J.D.  •  KEITH L. LINDSAY  •  MICHAEL E. PEREZ

**CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION**

Ms. Latasha Allen
September 14, 2011
Page 3

_____

   Your options, as we see them, are: (1) accept the Defendants' settlement offer; (2) allow us to negotiate for a higher amount (though it will not be significantly higher, and will still require a Confidentiality Agreement); (3) consent to our withdrawal as your attorneys and secure new counsel to represent you in this matter; (4) refuse to consent to our withdrawal, and we will file a motion with the Court to withdraw; and (5) voluntarily dismiss your lawsuit.

   We hope this provides you with all the information that you need to carefully consider your decision. We would appreciate your contacting us no later than 5:00 p.m., Wednesday, September 21, 2011 with your response.

   With Best Regards,

         Very Truly Yours,

         **EDMOND & LINDSAY, LLP**

         Michael E. Perez
         mperez@edmondfirm.com

MEP/als
cc:  Keith L. Lindsay, Esq.

1344 WOODWARD AVENUE, S.E. | ATLANTA, GEORGIA 30312
Telephone: 404-525-1080 | Facsimile: 404-525-1073 | www.edmondfirm.com

RODERICK E. EDMOND, M.D., J.D.   •   KEITH L. LINDSAY   •   MICHAEL E. PEREZ

Exhibit A



# Allen v. Walgreen's, et al

**Michael Perez <mperez@edmondfirm.com>**                                    **Wed, Oct 5, 2011 at 7:07 PM**
To: klindsay@edmondfirm.com, anasa9@gmail.com

Good evening Latasha,

In addition to what Keith emailed you below, I wanted to let you know that defense counsel informed us that the below offer expires at the close of business Monday. If you do not accept their offer before then, the defendants have authorized her to prepare and file motions for summary judgment.

Sent from myTouch 4G

----- Reply message -----
From: "Keith Lindsay" <klindsay@edmondfirm.com>
To: "anasa9@gmail.com" <anasa9@gmail.com>
Cc: "Michael Perez" <mperez@edmondfirm.com>
Subject: Allen v. Walgreen's, et al
Date: Wed, Oct 5, 2011 2:36 pm

Latasha,

Defendants have responded to the $40,000.00 demand with a final offer of $27,500.00. Michael and I will call you later today to discuss.

Keith L. Lindsay

A LIMITED LIABILITY PARTNERSHIP | 344 WOODWARD AVENUE, S.E. | ATLANTA, GEORGIA 30312
Telephone: 404-525-1080 | Facsimile: 404-525-1073 | klindsay@edmondfirm.com
<mailto:klindsay@edmondfirm.com>

[Quoted text hidden]

Exhibit B



# Allen v Wal-Green's, et al

16 messages

---

**Keith Lindsay <klindsay@edmondfirm.com>**                      Fri, Oct 7, 2011 at 4:38 PM
To: anasa9@gmail.com
Cc: Michael Perez <mperez@edmondfirm.com>

Latasha,


Per our discussion this afternoon, I understand that you will contact Michael or me and advise as to whether or not you will accept the final settlement offer proffered by the defendants in the amount of $27,500.00. In the event you are unwilling to accept the offer, at that time you will also let us know whether or not you will consent to our withdrawal as your counsel or require that we file a Motion To Withdraw.

Keith L. Lindsay

 **EDMOND & LINDSAY**

ATTORNEYS AT LAW

**A LIMITED LIABILITY PARTNERSHIP | 344 WOODWARD AVENUE, S.E. | ATLANTA, GEORGIA 30312**
**Telephone: 404-525-1080 | Facsimile: 404-525-1073 | klindsay@edmondfirm.com**

Confidentiality Notice

This email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and "Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy, or rely on in any way the contents of this email and its attachments. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved. This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential and may be legally privileged.

---

**anasa9@gmail.com <anasa9@gmail.com>**                          Mon, Oct 10, 2011 at 1:21 PM
Reply-To: anasa9@gmail.com
To: Keith Lindsay <klindsay@edmondfirm.com>

Cc: Michael Perez <mperez@edmondfirm.com>

Good afternoon,

Its actually just midday where I am (I'm currently traveling). I'm not happy with the offer and very disappointed but such is life. The only control that we have on this planet is how we choose to spend our time. It is very unfortunate that we as Americans are poorly protected by the product liability laws in this Country especially when corporations choose to use greed to dictate their product purchases from manufactures. In a Capitalist World, companies (mostly monopolies) buy low and sell high with little care of the quality of the product and very little concern about their consumers. With that stated, you may accept the offer from the defendants so that all parties can be paid for their services. Hopefully one day, product liability laws will reflect products manufactured in China and countries alike and the US trade / import- thoroughly inspect products prior to entrance and sale.
I sincerely hope that no one else was hurt and hushed by this product or products alike sold at Walgreens, Target, Walmart, Kmart (if the name of the manufacture that you provided me with is correct) and all the companies that claim to sell merchandise at affordable prices
, 'Made in China', for the American consumer. We all know it cost pennies to make at the labor of poor young people being paid about a half a penny a day.

I request to have approximately 3 days to review the confidentiality clause so any questions that I have can be answered.

Thanks and have a good day,
Latasha

"Expecting the world to treat you fairly because you are good is like expecting the bull not to charge because you are a vegetarian."
~ Dennis Wholey

"Forgetting the true nature of the self is what makes human beings subject to timidity, weakness, fear and insecurity."
— Pandit Rajmani Tigunait

"Sometimes the only truth that a person speaks is a lie" - LAA

Sent via BlackBerry from T-Mobile

---

**From:** "Keith Lindsay" <klindsay@edmondfirm.com>
**Date:** Fri, 7 Oct 2011 16:38:35 -0400
**To:** <anasa9@gmail.com>
**Cc:** Michael Perez<mperez@edmondfirm.com>
**Subject:** Allen v Wal-Green's, et al
[Quoted text hidden]

---

**Keith Lindsay <klindsay@edmondfirm.com>**                    **Mon, Oct 10, 2011 at 1:23 PM**

Your message

To:    Keith Lindsay
Cc:    Michael Perez
Subject: Re: Allen v Wal-Green's, et al
Sent:   Mon, 10 Oct 2011 13:21:55 -0400

was read on Mon, 10 Oct 2011 13:23:25 -0400

---

**Keith Lindsay <klindsay@edmondfirm.com>**

To: anasa9@gmail.com
Cc: Michael Perez <mperez@edmondfirm.com>

Mon, Oct 10, 2011 at 1:26 PM

Latasha,

I will convey your acceptance to opposing counsel and ask her to send me a copy of the proposed release containing the confidentiality clause for our review in advance of issuing the check, so we can review it and discuss any concerns.

Keith L. Lindsay



**A LIMITED LIABILITY PARTNERSHIP | 344 WOODWARD AVENUE, S.E. | ATLANTA, GEORGIA 30312**
**Telephone: 404-525-1080 | Facsimile: 404-525-1073 | klindsay@edmondfirm.com**

**Confidentiality Notice**

This email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and "Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email. DO NOT review, copy, or rely on in any way the contents of this email and its attachments. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved. This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is confidential and may be legally privileged.

**From:** anasa9@gmail.com [mailto:anasa9@gmail.com]
**Sent:** Monday, October 10, 2011 1:22 PM
**To:** Keith Lindsay
**Cc:** Michael Perez
**Subject:** Re: Allen v Wal-Green's, et al

[Quoted text hidden]

---

**anasa9@gmail.com <anasa9@gmail.com>**  **Mon, Oct 10, 2011 at 1:36 PM**
Reply-To: anasa9@gmail.com
To: Keith Lindsay <klindsay@edmondfirm.com>
Cc: Michael Perez <mperez@edmondfirm.com>

You can provide me with the clause on Thursday, as I have meetings all week. That way I have the weekend to review and provide to you on COB Monday.

Thanks.

Sent via BlackBerry from T-Mobile

---

**From:** "Keith Lindsay" <klindsay@edmondfirm.com>
**Date:** Mon, 10 Oct 2011 13:26:59 -0400
**To:** <anasa9@gmail.com>
**Cc:** Michael Perez <mperez@edmondfirm.com>
**Subject:** RE: Allen v Wal-Green's, et al
[Quoted text hidden]

---

**anasa9@gmail.com <anasa9@gmail.com>**  **Mon, Oct 10, 2011 at 1:46 PM**
Reply-To: anasa9@gmail.com
To: Keith Lindsay <klindsay@edmondfirm.com>
Cc: Michael Perez <mperez@edmondfirm.com>

Greetings,
There is definitely no rush in them sending you a check for lunch money- it is more important that I am now pleased with the confidentiality clause or I will not sign it. So I ask that you all DO NOT rush through the review of this clause.

I hope you all are happy that I chose to no longer utilize my time attempting to negotiate and have allowed you all to have a 'quick settlement'.


"Expecting the world to treat you fairly because you are good is like expecting the bull not to charge because you are a vegetarian."
~ Dennis Wholey

"Forgetting the true nature of the self is what makes human beings subject to timidity, weakness, fear and insecurity."
— Pandit Rajmani Tigunait

"Sometimes the only truth that a person speaks is a lie" - LAA


Sent via BlackBerry from T-Mobile

---

**From:** anasa9@gmail.com
**Date:** Mon, 10 Oct 2011 17:36:39 +0000
**To:** Keith Lindsay <klindsay@edmondfirm.com>
**ReplyTo:** anasa9@gmail.com
**Cc:** Michael Perez <mperez@edmondfirm.com>
**Subject:** Re: Allen v Wal-Green's, et al

You can provide me with the clause on Thursday, as I have meetings all week. That way I have the weekend to review and provide to you on COB Monday.

Thanks.

Sent via BlackBerry from T-Mobile

---

**From:** "Keith Lindsay" <klindsay@edmondfirm.com>
**Date:** Mon, 10 Oct 2011 13:26:59 -0400
**To:** <anasa9@gmail.com>
**Cc:** Michael Perez<mperez@edmondfirm.com>
**Subject:** RE: Allen v Wal-Green's, et al
[Quoted text hidden]

---

**Keith Lindsay <klindsay@edmondfirm.com>**                    **Mon, Oct 10, 2011 at 2:11 PM**
To: anasa9@gmail.com

Your message

To:     Keith Lindsay
Cc:     Michael Perez
Subject: Re: Allen v Wal-Green's, et al
Sent:   Mon, 10 Oct 2011 13:46:33 -0400

was read on Mon, 10 Oct 2011 14:11:06 -0400

---

**Keith Lindsay <klindsay@edmondfirm.com>**                    **Mon, Oct 10, 2011 at 2:48 PM**

Your message

To:     Keith Lindsay
Cc:     Michael Perez
Subject: Re: Allen v Wal-Green's, et al
Sent:   Mon, 10 Oct 2011 13:36:39 -0400

was read on Mon, 10 Oct 2011 14:48:03 -0400

---

**Keith Lindsay <klindsay@edmondfirm.com>**                    **Mon, Oct 10, 2011 at 2:49 PM**
To: anasa9@gmail.com
Cc: Michael Perez <mperez@edmondfirm.com>

Once I received the Release from opposing counsel, I will forward the confidentiality clause to you.

Keith L. Lindsay

Exhibit C



Latasha Allen <anasa9@gmail.com>

# Allen v. Walgreens's

**LA <anasa9@gmail.com>**                                    **Mon, Nov 28, 2011 at 9:28 PM**
To: April Swanson <aswanson@edmondfirm.com>
Cc: mperez@edmondfirm.com, klindsay@edmondfirm.com

Good evening again,

I am just getting this email as well. Have the changes that I made on the document been presented to the defendants? Are the defendants aware that the delay in signing a Settlement Agreement and Release document is due to a medical condition possibly related to my burn injury on my breast? With a Settlement Agreement and Release document that states that the 'frying pan' is not the cause of my burn injuries and that any health affects that result from my injuries are also unrelated to the frying pan; I cannot agree with. Therefore, if those changes cannot be made, then I cannot sign this agreement until I am 100% sure that my current health concerns are unrelated to the burn on my breast. I did not come to your office 2.5yrs ago because I just wanted some money, I came because I wanted assistance with proving that there must have been a manufacturing defect in the frying pan purchased at Walgreen's store. I accepted the settlement offer because I was pressured to believe that the case will be thrown out of court because the prosecutors did not include the manufacture due to cost effectiveness. So how can I sign a Settlement Agreement and Release that is releasing the manufacturers of liability over the obvious defect in the frying pan, which resulted in the handle breaking in half; not at the hinge or connection to the pan, but in the middle of the handle. So while, a monetary offer may have been accepted and that was your purpose or intention, it absolutely means nothing to me if I have to lie and say I agree that the Releasees are not at all liable for the defective frying pan which resulted in my burn injuries on my right breast, hand and wrist, upper thigh and any future health issues that may result from these injuries. When I received this document, I was looking for the confidentiality clause, but this Settlement Agreement and Release is not about the confidentiality or the monetary settlement, it is all referring to the liability of the Releasees.

I unfortunately, as previously stated, was unable to come to the office due to work. There was a multi-state foodborne disease outbreak that I was working on which included multiple conferencing with approximately 38 State Health Departments and the Center for Disease Control; I was the Lead Epidemiologist and had to determine whether there needed to be a recall of USDA Food Safety and Inspection Service regulated products. With the holidays and medical visits, it was truly impossible for me to come to the office. Once I return to Atlanta tomorrow, I will look at my calender and see when I am able to meet and have you come to my office. Again, I will not sign anything until there are changes incorporated in the Settlement Agreement and Release document and I am 100% sure that the current medical condition is not a result of my burn injuries.

Thanks and Have a good night.
Latasha

[Quoted text hidden]

--
*******************************************************************************

*"There is something about a tree in Africa; its like the stories of many in her branches, the foundation of spirit in her trunk and what a gift it would be to hear the herstory of her roots." - LAA*

*Arrogance is a poor characteristic to possess by any living being.... - LAA*

*No one falls in love by choice,*
*it is by CHANCE.*
*No one stays in love by chance,*



Latasha Allen <anasa9@gmail.com>

# Allen v. Walgreens's

**klindsay2@vzw.blackberry.net <klindsay2@vzw.blackberry.net>**
Reply-To: klindsay2@vzw.blackberry.net
To: LA <anasa9@gmail.com>
Cc: Michael Perez <mperez@edmondfirm.com>

**Mon, Nov 28, 2011 at 9:29 PM**

We need to talk.
Sent from my Verizon Wireless BlackBerry

**From:** LA <anasa9@gmail.com>
**Date:** Mon, 28 Nov 2011 21:28:25 -0500
**To:** April Swanson<aswanson@edmondfirm.com>
**Cc:** <mperez@edmondfirm.com>; <klindsay@edmondfirm.com>
**Subject:** Re: Allen v. Walgreens's

[Quoted text hidden]

Exhibit D

 Latasha Allen <anasa9@gmail.com>

# Allen v. Walgreens's

**LA <anasa9@gmail.com>**                    **Wed, Nov 30, 2011 at 2:47 PM**
To: klindsay2@vzw.blackberry.net
Cc: Michael Perez <mperez@edmondfirm.com>

Greetings,

I have approximately a 30mins window to speak today at 430pm. I want to be sure you understand that you should re-read the last email I sent, below, prior to our conversation because my status is the same. I would hope and suggest that you, as my attorney, have informed the defendants in detail, the reasons for my delayed execution of the Settlement Agreement and Release document.

Thanks and Have a great day,
Latasha

[Quoted text hidden]



Latasha Allen <anasa9@gmail.com>

## Allen v. Walgreens's

**LA <anasa9@gmail.com>**                                          **Wed, Nov 30, 2011 at 4:32 PM**
To: klindsay2@vzw.blackberry.net
Cc: Michael Perez <mperez@edmondfirm.com>

On Wed, Nov 30, 2011 at 4:32 PM, LA <anasa9@gmail.com> wrote:
Greetings again,
I assume you may not have received this email in a timely fashion and/ or unavailable at 4:30pm today,
since I have not received a response. I will email you tomorrow or Friday, with another possible time to tele-
conference. Unfortunately, this is another busy work week with FOIA requests. If you are able to respond
via email with any answers to my questions or update on changes to the Settlement Agreement and
Release Document, please do. I will not be able to check my email again until about 10pm tonight.
Thanks and enjoy your evening,
Latasha

[Quoted text hidden]

[Quoted text hidden]



**Latasha Allen <anasa9@gmail.com>**

# Allen v. Walgreens's

**LA <anasa9@gmail.com>**
To: klindsay2@vzw.blackberry.net
Cc: Michael Perez <mperez@edmondfirm.com>

**Wed, Nov 30, 2011 at 4:37 PM**

Actually, are you able to let me know when you are free Friday or next week during the afternoon? That way
we can be sure to have a definite scheduled time for the call.
Thanks again,
Latasha

[Quoted text hidden]



**Latasha Allen <anasa9@gmail.com>**

# Allen v. Walgreens's

**Keith Lindsay <klindsay@edmondfirm.com>**                **Wed, Nov 30, 2011 at 4:50 PM**
To: anasa9@gmail.com
Cc: Michael Perez <mperez@edmondfirm.com>

Latasha,

Michael and I called you today at about 4:32pm, per your earlier e-mail. We received your voicemail. As such, I'm a little unclear as to your e-mail suggesting that we were not available to speak with you at the time you designated.

I am available at 4:30pm on Friday, but Michael is not. I am also largely available next week. Please advise as to when you are available. As I've previously suggested, I believe that it will be far more productive for us to respond to your concerns either in person, or on the phone, rather than e-mail.

Also, please be sure to send e-mails to my firm e-mail address, below.

Lastly, we have received notice from the Court that this case has been placed on administrative inactive status, pending the parties dismissing the case due to settlement. The Court has also issued a 12/30/11 deadline to file the documents dismissing the case pursuant to settlement.

We look forward to speaking to you.

Keith L. Lindsay



**A LIMITED LIABILITY PARTNERSHIP | 344 WOODWARD AVENUE, S.E. | ATLANTA, GEORGIA 30312**
**Telephone: 404-525-1080 | Facsimile: 404-525-1073 | klindsay@edmondfirm.com**



Latasha Allen <anasa9@gmail.com>

# Allen v. Walgreens's

**LA <anasa9@gmail.com>**                        **Wed, Nov 30, 2011 at 5:21 PM**
To: Keith Lindsay <klindsay@edmondfirm.com>
Cc: Michael Perez <mperez@edmondfirm.com>

Hello Keith and Michael,

I did not receive a response to my email request, so like I stated "I assume[d] you may not have received this [my] email in a timely fashion and/ or unavailable at 4:30pm today, since I have not received a response." I am at work, therefore, I will have to go to the conference room to speak with you both because I work in a cubicle environment and do not want to disturb my co-worker. You, Michael, or anyone from your office did not respond to my meeting request to confirm that was a good time for you to meet, so therefore how am I supposed to know that you are calling. Good thing, I decided to check this email before I leave the office today.

You have stated to " please be sure to send e-mails to my firm e-mail address, below.", is this not your firm's email address? I just responded to your email, I see now that it was a blackberry address.

As for the deadlines you have stated below, how do we extend those deadlines? Why is the case put on administrative inactive status? I will not be dismissing this case if the Settlement Agreement and Release document is not changed and I am not 100% sure my medical issues are not a result of my burn injuries. **Can you please inform the defendants of my medical concerns!**

I will send a request for a time to meet via telephone, I should be available Friday at 4:30pm, but please wait for my email confirmation!

Thank you,
Latasha
[Quoted text hidden]



Latasha Allen <anasa9@gmail.com>

# Allen v. Walgreens's

**Keith Lindsay <klindsay@edmondfirm.com>**                    **Wed, Nov 30, 2011 at 5:38 PM**
To: LA <anasa9@gmail.com>
Cc: Michael Perez <mperez@edmondfirm.com>

Latasha,

I'm sorry if there was some miscommunication with respect to today's call. Since you advised that you had a 30 minute window to speak with us, commencing at 4:30pm, we merely called you at the appointed time, albeit 2 minutes late.

For some reason, your e-mail scheduling the call, as well as that advising that you assumed us unavailable came to my cell phone address and not to klindsay@edmondfirm.com. This one did come to my office e-mail address.

For reasons that I'm happy to explain to you when we talk, I do not wish to discuss either your medical issues or your issues pertaining with opposing counsel prior to talking to you.

Lastly, after sending you the e-mail advising of my availability on 4:30pm on Friday, I re-read your e-mail and sent a second one to you advising of Michael's and my availability earlier that afternoon. Please review it and advise as to when would work best for on Friday.

Keith L. Lindsay



A LIMITED LIABILITY PARTNERSHIP | 344 WOODWARD AVENUE, S.E. | ATLANTA, GEORGIA 30312
Telephone: 404-525-1080 | Facsimile: 404-525-1073 | klindsay@edmondfirm.com

**Confidentiality Notice**

This email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and "Bcc" lines of this email. If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal. Sender reserves and asserts all rights to confidentiality, including all privileges which may apply. Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in

Exhibit E

 by Google

# Allen v. Walgreen's

**Keith Lindsay <klindsay@edmondfirm.com>**
To: anasa9@gmail.com
Cc: Michael Perez <mperez@edmondfirm.com>

**Tue, Dec 20, 2011 at 4:29 PM**

Latasha,

I spoke with opposing counsel today to advise that it is highly unlikely that we will be able to comply with the Court's Order that we file the Stipulation of Dismissal by Dec. 30, 2011 due to you reticence to execute the Release. Per your request, I explained your issues with the definitions and your medical concerns, in detail. Her response was largely what I expected, and what I advised you to anticipate.

She advised that she will discuss her next step with her client, but expects that she'll be directed to file a motion to enforce the settlement. As Michael and I have previously explained, we see no legitimate grounds on which to oppose such a motion.

I also discussed with her the prospect of approaching the Court to request an extension of time to file the Stipulation of Dismissal, beyond the date of your January 10, 2012 physician's appointment. However, as I could not guarantee you will sign the release, thereafter, that suggestion did not go anywhere. As expected, it is her position that the defendants' are entitled to the consummation of the agreed to settlement, now.

During our Dec. 7 conversation you advised that you would see if it were possible to obtain an earlier appointment with the specialist to whom you alluded. I am assuming this has not transpired, but if it has, please let Michael or I know.

If you have any questions, please call Michael or me.

Keith



**Latasha Allen <anasa9@gmail.com>**

# Allen v. Walgreen's

**LA <anasa9@gmail.com>**                                  **Thu, Dec 22, 2011 at 5:13 PM**
To: Keith Lindsay <klindsay@edmondfirm.com>
Cc: Michael Perez <mperez@edmondfirm.com>

Greetings Keith and Michael,

I understand all that you have stated and advised. I will not sign the Settlement Agreement and Release document because I do not agree with what is stated throughout the document as I have explained during our last conversation on Dec. 7th. I have agreed to the monetary offer presented by the Defendants under duress because I was told there would be actions of Summary Judgements and Withdrawals; therefore I figured a settlement would bring me a peace of mind; unfortunately, it did not. It is impossible for me to agree to something that I do not agree with.

I was unable to receive and earlier appointment for my medical visit as you have assumed, so the date is as I have stated.

Thank you for this information.

Have a Happy Holidays,
Latasha
[Quoted text hidden]

--
**********************************************************************************

*"There is something about a tree in Africa; its like the stories of many in her branches, the foundation of spirit in her trunk and what a gift it would be to hear the herstory of her roots." - LAA*

*Arrogance is a poor characteristic to possess by any living being.... - LAA*

*No one falls in love by choice,*
*it is by CHANCE.*
*No one stays in love by chance,*
*it is by WORK.*
*And no one falls out of love by chance,*
*it is by CHOICE*
*- Unknown*