**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LATASHA A. ALLEN,<br><br>  Plaintiff,<br>v.<br><br>WALGREEN CO. d/b/a Walgreens, ATICO INTERNATIONAL USA, INC., and EAST WEST DISTRIBUTING CO.,<br><br>  Defendants. | CIVIL ACTION FILE NO. 1:11-CV-01577-WSD<br>(Removed from the State Court of Fulton County, Georgia Civil Action File No. 11EV012351-H) |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT[1]**

**COMES NOW**, Plaintiff Latasha A. Allen ("Plaintiff") and respectfully files her response to Defendants' Motion to Enforce Settlement Agreement and shows this Honorable Court as follows:

---

[1] As the Court knows, on January 4, 2012, Edmond & Lindsay, LLP and its attorneys filed a Motion to Withdraw as counsel of record for Plaintiff. As of the date of this filing, the Court has not ruled on that Motion. On January 25, 2012, Ms. Allen filed her own response to the Motion to Enforce. The attorneys of Edmond & Lindsay believe they have an ethical duty to respond to Defendants' motion since they are still counsel of record and Ms. Allen has not instructed Edmond & Lindsay, LLP not to file a response. This response is titled a "supplemental" response because it is not intended to supersede or replace the pro se filings of Ms. Allen.

## I.  FACTS

The Defendants factual recitation correctly notes that on October 10, 2011, counsel for Plaintiff communicated Plaintiff's acceptance of the amount of money counteroffered by the Defendants.  The email communication further requested the forwarding of the Release so that any issues could be identified and resolved.  (*See* **Exhibit "1"**).

On October 17, 2011, counsel for Defendants forwarded to counsel for Plaintiff a draft of the Release.  In emails to counsel for Defendants on October 24, 2011 (**Exhibit "2"**), November 11, 2011 (**Exhibit "3"**) and November 18, 2011 (**Exhibit "4"**), counsel for Plaintiff informed counsel for Defendants that they were unable to meet with Plaintiff to review the Release document.

On November 21, 2011, counsel for Defendants sent an e-mail to counsel for Plaintiff asking if she could inform [the Court] "that the parties have resolved this case and are in the process of executing the settlement documents."  (*see* **Exhibit "5"**).  What was then communicated to the Court is as follows, "We have agreed-upon a settlement amount in this matter.  The settlement documents are now with Mr. Lindsay and Mr. Perez and they are in the process of setting up a meeting with their client to review the settlement documents."  (*see* **Exhibit "6"**).

In a telephone call on December 20, 2011, counsel for Plaintiff informed counsel for Defendants that Plaintiff had some problems with the Release document. Counsel for Plaintiff further informed counsel for Defendants that Plaintiff would not execute the document as drafted. Some of the concerns of Plaintiff are addressed in her pro se response to Defendants' Motion to Enforce, Ms. Allen's objection to Edmond & Lindsay's Motion to Withdraw as Counsel and in Ms. Allen's response to Notice of Attorneys' Lien.[2] On December 27, 2011, counsel for Defendants informed counsel for Plaintiff of her clients' intent to file a motion to enforce the settlement if Plaintiff refused to go forward. (**Exhibit 7**).

## II. ARGUMENT AND CITATION TO AUTHORITY

An agreement to settle a lawsuit has to meet the same requirements of formation and enforceability as any other contract. *Powerhouse Custom Homes, Inc. v. 84 Lumber Co., L.P.*, 307 Ga. App. 605, 607, 705 S.E.2d 704 (2011) (*citing Jones v. Frickey*, 274 Ga. App. 398, 401 (2005)). Therefore, any such agreement between two parties occurs only where the parties "meet at the same time, upon the

---

[2] On November 7, 2011, Plaintiff Latasha A. Allen emailed to counsel for Plaintiff a redlined version of the Release which reflected her concerns regarding the Release. Counsel for Plaintiff has not attached that document outlining all of Ms. Allen's concerns due to attorney-client confidentiality. However, counsel for Plaintiff will produce the document to the Court for in-camera review, at the Court's request.

same subject matter, and in the same sense…" *Id*. "To constitute a contract, the offer must be accepted unequivocally and without variance of any sort." *Id*.

In the present case, the parties agreed to a settlement amount; however, there was no agreement on the Release document. As Plaintiff has demonstrated in her pro se filings in this case, she has objections with material terms of the Release. Counsel for Plaintiff informed Defendants through their counsel that they were having difficulty meeting with Plaintiff to review the documents. Defendants clearly communicated to the Court that, there was an agreement as to the "settlement amount" but that counsel for Plaintiff had not yet met with Plaintiff to review the settlement documents. There was not a meeting of the minds as to all of the essential terms of the settlement, and therefore, there is no settlement agreement and Defendants' motion to enforce should be denied.

The case of *Rodebaugh v. Robbins*, 180 Ga. App. 338, 349 S.E.2d 195 (1986), is instructive. There, a plaintiff brought a civil action against a trustee to cancel a trust and requesting return of the assets to the plaintiff. The trustee/defendant brought a motion to enforce an alleged settlement agreement which the trial court granted. *Id*. at 339. In its review, the Court of Appeals noted that the trial court found as a matter of law that the plaintiff's attorney communicated no restrictions on his authority to settle. *Id*.

The Court wrote that its review of the evidence suggested that settlement negotiations were still pending:

> Although the [defendant]'s attorney stated that his modified proposal had been accepted by the [plaintiff]'s attorney, the [plaintiff]'s attorney testified that, although it looked satisfactory to him, he had informed [defendant]'s counsel that he intended to present it to his client for approval. Consequently, it does not appear as a matter of law, that a settlement was actually reached.

*Id.* Similarly, counsel for Plaintiff in the present case communicated to Defendants that review of the Release document was necessary to address any issues, and that they were attempting to have that review take place. It is clear that Defendants understood this because their counsel reported to the Court that there was an agreement as to the settlement amount, but that the Plaintiff needed to review the settlement documents with her attorneys. As in *Rodebaugh*, a settlement agreement was not actually reached because Plaintiff never approved material terms of the Release.

### III.  CONCLUSION

For all of the above and foregoing reasons, Plaintiff Latasha A. Allen respectfully requests that this Honorable Court deny Defendants' Motion to Enforce Settlement Agreement.

Respectfully submitted, this 30th day of January, 2012.

        By:   <u>/s/  Keith L. Lindsay</u>
                Roderick E. Edmond
                Georgia Bar No. 239618
                drrod4u@edmondfirm.com
                Keith L. Lindsay
                Georgia Bar No. 452995
                klindsay@edmondfirm.com
                Michael E. Perez
                Georgia Bar No. 572127
                mperez@edmondfirm.com
                ***Attorneys for Plaintiff***

**EDMOND & LINDSAY, LLP**
344 Woodward Ave., SE
Atlanta, GA 30312
Tel: (404) 525-1080
Fax: (404) 525-1073

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in LR 5.1B. Specifically, Times New Roman was used in 14 point.

So certified this 30th day of January, 2012.

                                                /s/ Keith L. Lindsay
                                                Keith L. Lindsay
                                                Georgia Bar No. 452995

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the PLAINTIFF'S SUPPLEMENTAL RESPONSE TO THE DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT via the Court's electronic filing system upon all counsel of record as follows:

Z. Ileana Martinez
**THOMPSON HINE LLP**
Attorneys for Defendants,
Walgreens, Atico, and East West
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Phone:  404-541-2900
Fax:  404-541-2905
Email: Ileana.Martinez@ThompsonHine.com

I HEREBY CERTIFY that a copy of the PLAINTIFF'S SUPPLEMENTAL RESPONSE TO THE DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT has been served on Plaintiff Latasha A. Allen by depositing same in the United States mail, first class, postage pre-paid and addressed to:

Latasha A. Allen
375 Ralph McGill Blvd. #1606
Atlanta, GA 30312

This 30th day of January, 2012.

/s/  Keith L. Lindsay
Keith L. Lindsay
Georgia Bar No.  452995
klindsay@edmondfirm.com


**EDMOND & LINDSAY, LLP**
344 Woodward Ave., SE
Atlanta, GA 30312
Tel: (404) 525-1080
Fax: (404) 525-1073